# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53157-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JOHNNY WESLEY MILLER, | |
| Appellant. | |

MAXA, J. – Johnny Miller appeals his convictions of three counts of first degree child rape and two counts of first degree child molestation. He argues that he was denied a fair trial based on his allegation that the trial judge was asleep during parts of the trial. However, the record does not support Miller's allegation. Therefore, we affirm Miller's convictions.

## FACTS

The State charged Miller in Clark County Superior Court with three counts of first degree child rape and two counts of first degree child molestation. Miller waived his right to a jury trial, and the trial court conducted a bench trial. The State presented testimony from several witnesses during the two-day trial, including the victim and the victim's mother. The State also played a recording of the victim's forensic interview.

The trial court found Miller guilty of all counts. The court thoroughly explained the evidence on which it relied to find Miller guilty.

During sentencing, Miller stated, "During my trial I watched – I seen with my own eyes you dozed off a couple times in my trial." 2 Report of Proceedings (RP) at 248. The trial judge denied sleeping during the trial.[1] Miller appeals his convictions.

ANALYSIS

Miller claims that the trial judge was asleep during parts of the trial, which he argues constitutes structural error entitling him to a new trial without having to show prejudice. We conclude that there is insufficient evidence in the record that the judge was asleep during the trial.

The record contains a video transcript of Miller's trial. Both parties represent that the video camera showing the courtroom and the judge was sound activated, meaning that the judge appeared on the video only when speaking or briefly when a sound was picked up by the microphone near the bench.

Miller relies on multiple video snippets lasting one to five seconds and one lasting 10 seconds from the testimony of the victim and her mother and the recording of the forensic video. He claims that these snippets show that the judge had his eyes closed and on one occasion appeared to be waking from sleep. The State disputes Miller's allegations, arguing that the video does not show what Miller claims. The State asserts that the record shows the judge blinking or closing his eyes for a second or two while moving around and making deliberate movements.

---

[1] The trial transcript states that when Miller accused him of sleeping, the trial judge responded, "Mr. Miller . . . I did [sic] nod off during the trial no matter what you think." 2 RP at 250. As Miller acknowledges, the word "did" appears to be a typographical error and should read "didn't."

The video record does not demonstrate that the trial judge was asleep during any portion of the trial. In some of the video snippets it is unclear whether or not the judge had his eyes closed. But even if the judge closed his eyes for a few seconds, even multiple times, does not mean that he was asleep. Certainly a person can briefly close his or her eyes without sleeping. And common experience shows that some people close their eyes while listening.

Miller argues that the video snippets provide circumstantial evidence that the trial judge was asleep. But video showing that the judge closed his eyes for a few seconds simply is not sufficient to constitute even circumstantial evidence of sleeping. And the one video segment lasting longer – 10 seconds – shows the judge rubbing his eyes and his face and then facing toward the witness. It is unclear whether his eyes are open or closed as he faced the witness.

In addition, Miller provides no evidence other than the video snippets that the trial judge was asleep. He does not point to any instances in the record where the trial judge was unresponsive or was unable to respond to inquiries, rule on objections, or otherwise preside over the proceedings.

We conclude that there is insufficient evidence in the record to support Miller's allegation that the trial judge was asleep during his trial. Therefore, we reject Miller's structural error argument.

## CONCLUSION

We affirm Miller's convictions.

No. 53157-7-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, J.

SUTTON, A.C.J.